UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROSALINDA FARROW                                    CIVIL ACTION

VERSUS                                              NO. 12-804-SDD-RLB

DOLGENCORP, LLC

**RULING**

This matter is before the Court on the *Motion for Summary Judgment* filed by the Defendant, Dolgencorp, LLC ("Defendant").[1] Plaintiff, Rosalinda Farrow ("Plaintiff"), has filed an *Opposition* to this motion.[2] For the reasons which follow, the Court finds that the Defendant's motion should be denied.

I.   **FACTUAL BACKGROUND**

While Plaintiff was shopping in a Dollar General store in Baker, Louisiana, she allegedly struck a box with her shopping cart as she turned from one aisle into another. Plaintiff claims her shopping cart obstructed her view of the box, and she suffered a physical injury as a result of this collision. The Plaintiff further claims that the Defendant is liable for creating an "unreasonable risk of harm" by failing to keep its aisles and passageways in a safe condition for its patrons as required by Louisiana law.

The Defendant has moved for summary judgment arguing that the Plaintiff's deposition testimony reveals that she was aware of stock being in the aisles prior to her

---

[1] Rec. Doc. No. 8.

[2] Rec. Doc. No. 12.

alleged "accident." Thus, the Defendant claims this box was an "open and obvious hazard" for which the Defendant owed no duty to Plaintiff. Furthermore, the Defendant contends Plaintiff's complained-of injury caused no change in the condition for which she was already being treated prior to this alleged accident. As such, the Defendant argues Plaintiff cannot prove that the collision with the box was the cause-in-fact of her injuries because the medical evidence in this case shows that Plaintiff was in the same medical condition before and after the alleged accident.

Because factual disputes abound in this case, the Court finds that summary judgment is not proper. The law and jurisprudence are clear that it is the jury's role to determine whether the box left in the aisle was "open and obvious," an "unreasonable risk of harm," and whether Plaintiff's medical condition was, or was not, exacerbated by this alleged incident. These genuine issues of material fact preclude summary judgment in this matter.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

---

[3] Fed. R. Civ. P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).

and on which that party will bear the burden of proof at trial."[4]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[5]  If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[6]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[7]  The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[8]  Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[9]  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10]  Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue

---

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).

[5] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (*quoting Celotex*, 477 U.S. at 323-25, 106 S.Ct. at 2552).

[6] *Id.* at 1075.

[7] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).

[8] *Little*, 37 F.3d at 1075;  *Wallace*, 80 F.3d at 1047.

[9] *Wallace*, 80 F.3d at 1048 (*quoting Little*, 37 F.3d at 1075).  *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[10] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing*, 70 F.3d 26 (5th Cir. 1995).

for trial.[11]

### B.   The Louisiana Merchant Liability Statute - La. Rev. Stat. Ann. § 9:2800.6

The Louisiana Merchant Liability Statute[12] provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
>> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>>
>> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>>
>> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

In order to prove the Defendant's liability under Section A, Plaintiff must demonstrate that the Defendant failed to meet its duty to use "reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition."[13]   The duty imposed on a

---

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

[12] The matter is before the Court based on diversity of citizenship; thus, the Court must apply the substantive law of Louisiana to the facts of this case. In applying and interpreting Louisiana law, this Court looks to final decisions of the Louisiana Supreme Court for guidance under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[13] La. R.S. 9:2800.6(a).

merchant under the statute "includes a reasonable effort to keep the premises free of any hazardous conditions which might reasonably give rise to damage."[14] However, a merchant "is not the insurer of the safety of his patrons ... [and] is not liable every time an accident happens."[15] In evaluating whether the effort taken to protect customers was reasonable, a court must look to the specific circumstances of each case, and "the degree of vigilance must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store and other relevant considerations."[16]

The determination of the unreasonableness of a risk is a mixed question of law and fact that is the proper province of the jury or finder of fact.[17] In determining whether a condition presented an unreasonable risk of harm, a fact finder should "balance the intended benefit of the thing with its potential for harm and the cost of prevention."[18] This requires the fact finder to "decide whether the social value and utility of the hazard outweigh[s] and thus justif[ies] its potential harm."[19]

The Louisiana Supreme Court recently addressed this issue in *Broussard v. State,*

---

[14] *Burnett v. M & E Food Mart, Inc.*, 2000-350 (La.App. 3 Cir. 11/15/00), 772 So.2d 393, 396 (quoting La.Rev.Stat. Ann § 9:2800.6(A)).

[15] *Hardman v. Kroger Co.*, 34,250 (La.App. 2 Cir. 12/6/00), 775 So .2d 1093, 1095 (citing *Ward v. ITT Specialty Risk Services, Inc.*, 31,990 (La.App. 2 Cir. 6/16/99), 739 So.2d 251; *Tanner v. Brookshire Grocery Co.*, 29,276 (La.App. 2 Cir. 4/2/97), 691 So.2d 871).

[16] *Id.* at 1095.

[17] *Beckham v. Jungle Gym*, 45,325 (La.App. 2 Cir. 5/19/10), 37 So.3d 564, 568.

[18] *Watts v. Scottsdale Insurance Company*, 45,397 (La.App. 2 Cir. 6/30/10), 43 So.3d 266, 269 (citing *Pitre v. Louisiana Tech University*, 95-1466 (La. 5/10/96), 673 So.2d 585).

[19] *Id.*

*Office of State Buildings*.[20] In *Broussard*, a UPS delivery driver sustained injuries when he admittedly and voluntarily chose to attempt to traverse a building's visibly misaligned elevators, while maneuvering a loaded dolly (weighing approximately three hundred pounds), by attempting to push the dolly over a one and one-half to three-inch elevation caused by the elevator's misalignment. After his attempt was unsuccessful, he turned around, stepped backwards into the elevator, and attempted to pull the dolly over the elevation. "[T]he inertia created by the pull caused him to lose control of the load and forcefully pushed him into the back wall of the elevator," causing him to sustain a serious back injury. The victim sued, and after a jury trial, the jury awarded him approximately one and one-half million dollars, subject to reduction by the 38% fault the jury assigned to the victim.[21] On appeal, the appellate court reversed, finding the jury's conclusion that the elevator offset created an unreasonable risk of harm to be erroneous on the basis that, because the defect was open and obvious, it did not present a serious risk of harm. In doing so, the appellate court noted that the victim could have avoided his injuries by acting more reasonably under the circumstances.[22] The Louisiana Supreme Court reversed, holding:

> We have described the question of whether a defect presents an unreasonable risk of harm as "a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts." *Reed v. Wal–Mart Stores, Inc.*, 97–1174, p. 4 (La.3/4/98), 708 So.2d 362, 364 (quoting *Tillman v. Johnson*, 612 So.2d 70 (La.1993) (per curiam)). As a

---

[20] 2012-1238 (La. 4/5/13), 113 So.3d 175.

[21] *Id.* at 180-181.

[22] *Id.*

mixed question of law and fact, it is the fact-finder's role—either the jury or the court in a bench trial—to determine whether a defect is unreasonably dangerous. Thus, whether a defect presents an unreasonable risk of harm is "a matter wed to the facts" and must be determined in light of facts and circumstances of each particular case. *E.g., Dupree v. City of New Orleans*, 99–3651, pp. 13–14 (La.8/31/00), 765 So.2d 1002, 1012 (citation omitted); *Reed*, 97–1174 at p. 4, 708 So.2d at 364.

The *Broussard* court also stated: "It is axiomatic that the issue of whether a duty is owed is a question of law, and the issue of whether a defendant has breached a duty owed is a question of fact.[23] The judge decides the former, and the fact-finder—judge or jury—decides the latter."[24] Ultimately, the Court concluded that, "while a defendant only has a duty to protect against unreasonable risks that are not obvious or apparent, the fact-finder, employing a risk-utility balancing test, determines which risks are unreasonable and whether those risks pose an open and obvious hazard. In other words, the fact-finder determines whether defendant has breached a duty to keep its property in a reasonably safe condition by failing to discover, obviate, or warn of a defect that presents an unreasonable risk of harm."[25]

Applying the foregoing law and jurisprudence to the facts of this case, the Court finds that genuine issues of material fact exist which preclude a summary judgment in this matter. While the Court recognizes its role to determine, as a matter of law, if the Defendant owed a duty, that question depends on a determination of whether the hazard

---

[23] *Id.* at 185, citing *Brewer v. J.B. Hunt Transp., Inc.*, 09–1408, p. 14 (La.3/16/10), 35 So.3d 230, 240 (citing *Mundy v. Dep't of Health and Human Res.*, 620 So.2d 811, 813 (La.1993)).

[24] *Id.*

[25] *Id.*

in this case was "open and obvious," which is clearly a question for the jury. It is likewise the jury's role to determine whether the Defendant breached any duty to its patrons under the law by creating an "unreasonable risk of harm" in the manner in which the stock was allegedly left in the aisles on that day. The Court also finds that a factual dispute exists regarding Plaintiff's alleged damages. There is evidence in the record from which a reasonable trier-of-fact could determine that Plaintiff's pre-existing condition was exacerbated by the alleged accident at the Dollar General. Thus, Defendant's *Motion for Summary Judgment* should be denied.

### III.   CONCLUSION

For the reasons set forth above, the *Motion for Summary Judgment*[26] by Defendant Dolgencorp, LLC, is DENIED.

IT IS SO ORDERED.

Signed in Baton Rouge, Louisiana, on <u>March 20, 2014</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[26] Rec. Doc. No. 8.